UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 98-CR-73S (10)

TERRY RIDGEWAY,

                Defendant.

On June 13, 2022, Defendant Terry Ridgeway moved to terminate the remaining portion of his supervised release—approximately 21 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 680.) He contends that termination is warranted because he has obeyed the law, complied with his conditions, and generally followed a productive lifestyle. Although the only evidence Ridgeway submits concerns his activities while incarcerated, the assigned probation officer confirms that Ridgeway has been compliant since beginning his term of supervised release on March 11, 2021. (Docket No. 684, pp. 5-6.) Nonetheless, both the probation officer and the government oppose the motion. Having thoroughly examined the facts and circumstances, this Court finds that Ridgeway's motion must be denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which

1

may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Ridgeway's term of supervised release is not warranted and would not be in the interest of justice.   First, the nature of Ridgeway's criminal conduct is egregious.  This Court sentenced Ridgeway to a 99-month term of imprisonment after he pleaded guilty to racketeering, in violation of 18 U.S.C. § 1962 (c).  As part of his plea, Ridgeway admitted to engaging in murder and attempted murder in furtherance of a criminal organization involved in the large-scale trafficking of cocaine and cocaine base in the City of Buffalo.  Ridgeway was a hitman for the organization and personally participated in at least three shootings, which collectively resulted in non-fatal injuries to five individuals (including a nine-year-old child) and the death of a 16-year-old bystander.  Ridgeway thus engaged in serious acts of violence and dangerous criminal conduct for which he was sentenced accordingly.  Second, Ridgeway has served only 16 months of his 36-month term of supervised release.  Third, Ridgeway's supervised release conditions have thus far proven an effective framework for his rehabilitation, which furthers both his best interests and those of community safety.  Finally, the need to avoid unwarranted sentencing disparities and provide adequate deterrence counsel in favor of maintaining Ridgeway's supervision.

Weighed against this backdrop is Ridgeway's conduct on release, which is favorable, but largely unremarkable. Ridgeway professes to be living a law-abiding life, and the probation officer confirms his compliance with conditions, but good behavior alone does not warrant termination of supervision. See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Rather, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Ridgeway's criminal conduct, and the continuing interests of deterrence counsel in favor of maintaining Ridgeway's

3

supervised release.   Ridgeway's motion for early termination is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 680) is DENIED.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Defendant at his address of record.

SO ORDERED.

Dated: July 20, 2022
       Buffalo, New York

                                                   s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                   United States District Judge